**FILED**
**U.S. District Court**
**District of Kansas**
07/14/2026

**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DWIGHT D. HARRIS JR.,                    )
                                         )
                    Petitioner,          )
                                         )
v.                                       )        Case No. 26-3015-JWL
                                         )
COL. DOUGLAS CURTIS, Commandant,         )
     USDB-Ft. Leavenworth,               )
                                         )
                    Respondent.          )
                                         )
_____  )

## MEMORANDUM AND ORDER

Petitioner, a military prisoner acting *pro se*, has filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his military court convictions. For the reasons set forth below, the Court **denies** the petition. The Court also **denies** petitioner's motion for appointment of counsel (Doc. # 13).

In December 2013, petitioner was convicted by a judge after a court martial of four offenses arising out of petitioner's alleged sexual assault of his minor stepdaughter. After the United States Army Court of Criminal Appeals (ACCA) affirmed the convictions, the Court of Appeals for the Armed Forces (CAAF) twice remanded the case for further consideration under particular precedents relating to the use of propensity evidence. The ACCA then reversed with respect to two convictions, but affirmed with respect to the other two convictions, and the CAAF denied review of that decision. *See United States v. Harris*, 2018 WL 1015841 (Army Ct. Crim. App. Feb. 16, 2018), *rev. denied*, 78 M.J. 65 (Ct. App. Armed Forces 2018). On January 26, 2026, petitioner, who is presently confined within

this judicial district, filed the instant habeas action; respondent filed an answer, and petitioner filed a traverse, and the matter is therefore ripe for ruling.[1]

Petitioner's claims are based on his discovery in July 2015 of a DNA report, dated April 2013, that excluded petitioner as a source of male DNA detected on a swab of the victim's underwear. An earlier report, dated January 30, 2013, of which petitioner was aware at the time of trial, had stated only that no semen had been detected on the underwear. Petitioner claims that the later report excluding him a source of the DNA was exculpatory and shows his actual innocence. Petitioner asserts a claim of ineffective assistance of counsel in violation of the Sixth Amendment, based on his trial counsel's failure to use the new report at trial; or, in the alternative, petitioner alleges that the prosecution must have withheld the report in violation of obligations under *Brady*, if in fact his trial counsel did not have the new report at the time of trial. He also asserts a claim of ineffective assistance based on his appellate counsel's failure to raise the issue of the new report (including by asserting ineffective assistance of trial counsel) on direct appeal to the ACCA. Finally, petitioner asserts his actual innocence as a gateway to consideration of his constitutional claims in the event of a procedural bar to such consideration.

The Tenth Circuit has clarified the standard for a district court's consideration of a habeas petition filed by a military prisoner convicted by court martial. *See Santucci v. Commandant*, 66 F.4th 844, 852-71 (10th Cir. 2023). Other than questions of jurisdiction, a district court may consider the merits upon habeas review only if "the military justice

---

[1] Respondent has not argued that this action is untimely, and thus the Court does not address the issue.

2

system has failed to give full and fair consideration to the petitioner's claims." *See id.* at 855 (citing *Burns v. Wilson*, 346 U.S. 137, 142 (1953)).  A court determines whether such full and fair consideration has been given by examining the following four factors (referred to as the *Dodson* factors):

> 1.  The asserted error must be of substantial constitutional dimension. 2.  The issue must be one of law rather than of disputed fact already determined by the military tribunals.  3.  Military consideration may warrant different treatment of constitutional claims.  4.  The military courts must give adequate consideration to the issues involved and apply proper legal standards.

*See id.* at 856 (quoting *Dodson v. Zelez*, 917 F.2d 1250, 1252-53 (10th Cir. 1990)).  Military petitioners must establish that all four factors weigh in their favor in order to have the merits of their claims reviewed.  *See id.*  "Putting the matter differently, petitioners' failure to show that even one factor weighs in their favor is fatal to their efforts to secure full merits review."  *See id.* at 858.  Petitioner concedes that the *Dodson* test applies here.

The Court concludes that petitioner has not shown that all four *Dodson* factors weigh in his favor, and the Court denies the petition on that basis.  With respect to the fourth factor, petitioner presented this same claim to the CAAF three separate times without obtaining relief.  Petitioner notes that the CAAF merely denied review on the third occasion; but on the two previous occasions, the CAAF vacated and remanded based on one issue (the propensity evidence) without granting relief on the issue petitioner now raises.  Moreover, the new report was before the ACCA on the initial direct appeal.  On appeal, petitioner had claimed ineffective assistance of trial counsel, including by failing to use a DNA expert, although he did not specifically mention the second DNA report; but the ACCA ordered an affidavit from trial counsel, who attached both reports to his

3

affidavit.  In its subsequent opinion, the ACCA specifically stated that petitioner had failed to establish ineffective assistance of counsel.  Thus, although the military appellate courts did not comment on the DNA report, the report was briefed to them, and as this Court has explained, that fact precludes satisfaction of this *Dodson* factor under Tenth Circuit precedent.  *See Livingston v. Payne*, 2024 WL 3328584, at *3 (D. Kan. July 8, 2024) (Lungstrum, J.) (citing cases), *aff'd sub nom. Livingston v. Curtis*, 2025 WL 2814422 (10th Cir. Oct. 3, 2025) (unpub. op.), *cert. denied*, 146 S. Ct. 1862 (2026).

More significantly, petitioner cannot prevail on his ineffective assistance claims under *Dodson* because those claims require a showing of deficient performance and prejudice, both of which prongs require consideration of factual issues, including the decision-making of the attorneys and the weighing of the evidence at trial – and, in this case, the factual issue of when trial counsel received the second DNA report (on which issue petitioner offers no evidence).  Thus, the claims do not present purely legal issues as required.  *See Gray v. Payne*, 2023 WL 3204004, at *2 (D. Kan. May 2, 2023) (Lungstrum, J.) (ineffective assistance claim did not present a question of law for purposes of the second *Dodson* factor), *aff'd*, 2023 WL 8433977 (10th Cir. Dec. 5, 2023) (unpub. op.) (claim presented mixed question of law and fact under *Strickland*, thus petitioner failed to satisfy second *Dodson* factor), *cert. denied*, 144 S. Ct. 2622 (2024); *Davis v. Curtis*, 2024 WL 4215763, at *4 (D. Kan. Sept. 17, 2024) (Lungstrum, J.) (ineffective assistance claim, which required a showing of prejudice, raised factual issues for the purpose of this factor), *aff'd*, 2025 WL 2732720 (10th Cir. Sept. 25, 2025) (unpub. op.), *cert. denied*, 146 S. Ct. 1779 (2026); *see also Drinkert v. Payne*, 90 F.4th 1043, 1048 (10th Cir. 2024) (factor was

4

not satisfied because the issue was not one of pure law).  Accordingly, the Court denies petitioner's claims of ineffective assistance of trial and appellate counsel.

Petitioner's alternative *Brady* claim fares no better under the *Dodson* test – and fails on the merits as well – because the claim raises factual issues; and petitioner, by his own admission, does not know when trial counsel received the second DNA report, and thus he cannot show that the prosecution improperly withheld the report.  Nor has petitioner exhausted any such claim before the military courts.  Accordingly, the Court denies any such claim as well.

Finally, the Court addresses petitioner's claim of actual innocence.  Petitioner asserts this claim under *Schlup v. Delo*, 513 U.S. 298 (1995), in which the Supreme Court established a standard for showing actual innocence to overcome a procedural bar to consideration of the merits of a constitutional claim.  *See id.*  Thus, this claim by petitioner does not provide an independent or "standalone" basis for relief.  *See LaFevers v. Gibson*, 238 F.3d 1263, 1265 n.4 (10th Cir. 2001) (citing *Herrera v. Collins*, 506 U.S. 390, 400 (1993)).  Rather, petitioner seeks to use the innocence claim as a gateway to consideration of his other claims.  *See id.*  The Court has not relied on any procedural bar to deny petitioner's constitutional claims, however; thus the Court need not consider whether petitioner can satisfy the stringent actual-innocence standard in this case based solely on the second DNA report.[2]

---

[2]  The ACCA noted that the victim's testimony that petitioner committed the offenses was clear, compelling, and credible.  *See Harris*, 2018 WL 1015841, at *3.

The Court also denies petitioner's motion for appointment of counsel. A prisoner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, unless the court conducts an evidentiary hearing, the decision whether to appoint counsel rests in the discretion of the court. *See Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). A court may appoint counsel for a Section 2241 petitioner if it "determines that the interests of justice so require." *See* 18 U.S.C. § 3006A(a)(2)(B). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *See Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). When deciding whether to appoint counsel, a court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *See Hill*, 393 F.3d at 1115 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). In this case, in light of the application of the *Dodson* factors, the Court concludes in its discretion that the interests of justice do not require appointment of counsel.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion for appointment of counsel (Doc. # 13) is hereby **denied**.

IT IS SO ORDERED.

Dated this 14th day of July, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge