IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas
08/14/2026
Clerk, U.S. District Court
By: JAL Deputy Clerk

| | | |
|---|---|---|
| DWIGHT D. HARRIS JR., Petitioner, | ) | |
| v. | ) | Case No. 26-3015-JWL |
| COL. DOUGLAS CURTIS, Commandant, USDB-Ft. Leavenworth, Respondent. | ) | |

**MEMORANDUM AND ORDER**

By Memorandum and Order of July 14, 2026, the Court denied the petition for habeas corpus filed by petitioner, a military prisoner acting *pro se*. Petition now moves for reconsideration of that order (Doc. # 17). The Court **denies** the motion.

Petitioner seeks reconsideration pursuant to Fed. R. Civ. P. 59(e), which provides for a motion to alter or amend a judgment. *See id.* "A Rule 59(e) motion is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *See ORP Surgical, LLC v. Howmedica Osteonics Corp.*, 92 F.4th 896, 922 (10th Cir. 2024) (internal quotations omitted) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "Grounds warranting a motion to reconsider [under Rule 59(e)] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *See Servants of Paraclete*, 204 F.3d at 1012. In making such a motion, "[i]t is not appropriate to revisit

issues already addressed or advance arguments that could have been raised in prior briefing." *See id.*

The Court concludes that petitioner has not satisfied this standard for reconsideration of the Court's prior order. Petitioner makes arguments that he made or could have made in his petition and traverse. Petitioner has not shown that the Court's use of the *Dodson* factors was improper in this case. Petitioner argues again that the military courts did not fully consider his claims (the fourth *Dodson* factor), but as noted in the Court's prior order, those courts had the second DNA report (on which petitioner based his claims) before them, including while rejecting claims of ineffective assistance of counsel. Moreover, petitioner has not addressed the Court's conclusion that his claims also founder on the second *Dodson* factor because they present factual issues and not purely legal issues. Petitioner has not shown that the Court clearly erred in its prior opinion or that manifest injustice will result from the denial of the petition, and the Court therefore denies the motion for reconsideration.

IT IS THEREFORE ORDERED BY THE COURT THAT petitioner's motion for reconsideration (Doc. # 17) is hereby **denied**.

IT IS SO ORDERED.

Dated this 14th day of August, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge